UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | Case No. 2:18-cv-01584-GMN-GWF |
| Plaintiffs, | **ORDER** |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |

This matter is before the Court on Defendant SFR Investments Pool 1, LLC's Demand for Security Costs Pursuant to Nevada Revised Statute ("NRS") § 18.130 Re: Federal National Mortgage Association ("FNMA"), (ECF No. 6) and SFR Investments Pool 1, LLC's Demand for Security Costs Pursuant to Nevada Revised Statute ("NRS") § 18.130 Re: Federal Housing Finance Agency ("FHFA") (ECF No. 7), filed September 14, 2018. Plaintiffs' Opposition to Motion for Bond (ECF No. 9) was filed on October 1, 2018, and Defendant filed its Reply in Support of Motion (ECF No. 10) on October 5, 2018.

Defendant argues each Plaintiff is required to pay the security bond because (1) neither Plaintiff is a resident of the state of Nevada, and (2) the cost bond is not a lien pursuant to NRS § 18.130. ECF Nos. 6, 7, 12. Plaintiffs' first represent that while Nevada law does permit defendants to demand security costs from out of state plaintiffs in some circumstances, the law does not do so where jurisdiction rests on federal-question grounds. Second, federal statute – 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") precludes imposition of a bond requirement on FNMA or FHFA as its conservator because the bond operates as an involuntary lien on conservatorship assets. ECF No. 9.

1

NRS § 18.130 reads in pertinent part, "[w]hen a plaintiff in an action resides out of State, or is a foreign corporation, security costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff a written demand therefor within the time limited for answering the complaint." NRS § 18.130 (1). While such a security is not required under the Federal Rules of Civil Procedure, "[i]t has been the policy of the United States District Court of Nevada to enforce the requirements of NRS § 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983).

Conversely, "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." *10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2671* (3d ed.) Instead, the court may apply its own rules or state practice to require security for costs as a discretionary matter. *Id*. In so doing, the court may consider the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors. *Id.*

This matter centers on a federal statute – the Federal Foreclosure Bar. Plaintiffs complaint seeks a declaratory judgment recognizing the continued validity of the deed of trust, contending primarily that a federal statute – the Federal Foreclosure Bar - precluded its extinguishment. Because this matter primarily centers on a claim asserting a federal question, the Court finds it would be contrary to public policy to require security for costs. Accordingly,

**IT IS HEREBY ORDERED** that Defendant SFR Investments Pool 1, LLC's Demand for Security Costs Pursuant to Nevada Revised Statute ("NRS") § 18.130 Re: Federal National Mortgage Association, (ECF No. 6) and SFR Investments Pool 1, LLC's Demand for Security Costs Pursuant to Nevada Revised Statute ("NRS") § 18.130 Re: Federal Housing Finance Agency (ECF No. 7) are **denied**.

Dated this 17th day of October, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

2