# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,

    Plaintiffs,

vs.

SFR INVESTMENTS POOL 1, LLC,

    Defendant.

Case No.: 2:18-cv-001584-GMN-GWF

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 14), filed by Defendant SFR Investments Pool 1, LLC ("SFR"). Plaintiffs Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("Fannie Mae") (collectively "Plaintiffs") filed a Response, (ECF No. 15), and SFR filed a Reply, (ECF No. 17).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 16), filed by Plaintiffs. SFR filed a Response, (ECF No. 18), and Plaintiffs filed a Reply, (ECF No. 20). Also pending before the Court is SFR's Motion for Rule 56(d) Relief, (ECF No. 19), to which Plaintiffs filed a Response, (ECF No. 21), and SFR filed a Reply, (ECF No. 22).

For the reasons discussed herein, the Court **DENIES** SFR's Motion to Dismiss, **GRANTS** SFR's Motion for Rule 56(d) Relief,[1] and **DENIES without prejudice** Plaintiffs' Motion for Summary Judgment.

## I. BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 4716 Rancho Camino Court, Las Vegas, Nevada 89129 (the "Property"). (*See* Compl. ¶ 1, ECF No.

---

[1] In light of this holding, Plaintiffs' Motion to Stay pending a ruling on its summary-judgment motion is **DENIED**. (*See* Mot. to Stay, ECF No. 23).

1). In 2003, non-party Keith McCloud ("Borrower") purchased the Property by way of loan from Wausau Mortgage Corporation ("Wausau"). (*Id.* ¶¶ 16–17). The loan is secured by a deed of trust, recorded on July 28, 2003, identifying Wausau as lender and beneficiary. (*Id.* ¶¶ 18–19). Plaintiff Fannie Mae acquired ownership of the deed of trust and promissory note in September 2003. (*Id.* ¶ 20).

In 2006, Wausau assigned the deed of trust to Suntrust Mortgage Inc. ("Suntrust") who, in turn, assigned the deed of trust to Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.* ¶¶ 21–22). Beginning in September 2007, CitiMortgage, Inc. ("CMI") began servicing the loan on Fannie Mae's behalf. (*Id.* ¶ 23).

Upon Borrower's failure to stay current on his loan payments, Absolute Collections Services, LLC ("ACS"), on behalf of Spanish Springs HOA ("HOA"), initiated foreclosure proceedings on the Property. (*Id.* ¶¶ 35–36). ACS recorded a notice of foreclosure sale on February 12, 2014, stating the Property would be sold on April 15, 2014. (*Id.* ¶ 37). Defendant SFR purchased the Property at the sale and recorded a foreclosure deed evidencing the purchase on April 15, 2014. (*Id.* ¶ 38).

At the time of HOA's foreclosure sale, Fannie Mae owned the loan, CMI serviced the loan, and MERS was record beneficiary under the deed of trust as nominee for Fannie Mae. (*Id.* ¶ 24). Plaintiffs allege that at no time did FHFA consent to the foreclosure sale extinguishing Fannie Mae's interest in the Property. (*Id.* ¶ 39).

Plaintiffs filed the instant action on August 22, 2018, bringing claims against SFR for declaratory relief and quiet title under 12 U.S.C. § 4617(j)(3). (*See id.* ¶¶ 40–62). Plaintiffs seek a declaration that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), preempts Nevada law to the extent it would permit the foreclosure sale to extinguish Fannie Mae's deed of trust. (*Id.* 10:20–26). Shortly after Plaintiffs commenced this action, SFR filed its Motion to Dismiss and Plaintiffs filed their Motion for Summary Judgment.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6), dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In determining whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in a light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion into one for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if the court considers materials outside the pleadings, the motion to dismiss converts into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Rule 56

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

While a summary-judgment motion may be filed "at any time until 30 days after the close of all discovery," *see* Fed. R. Civ. P. 56(b), such motions generally should not be ruled upon before the non-moving party has had adequate time to discover facts "essential to justify its opposition." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). The party seeking Rule 56(d) relief must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

### III. DISCUSSION

### A. Motion to Dismiss

SFR moves for dismissal of Plaintiffs' Complaint on the following grounds: (1) the quiet title claim is barred by the applicable statute of limitations; (2) the declaratory relief claim is a remedy rather than a cognizable, stand-alone cause of action; and (3) Plaintiffs do not possess any interest in the Property, rendering § 4617(j)(3) inapplicable. (SFR's Mot. to Dismiss ("MTD") 5:1–8:6, ECF No. 14). The Court addresses each argument in turn.

*1) Statute of Limitations*

SFR argues that Plaintiffs' quiet title claim must be dismissed as untimely based upon the three-year limitations period under 12 U.S.C. § 4617(12). (*Id.* 5:14–6:20). Plaintiffs, in turn, assert the claim is timely because it is governed by the six-year statute of limitations under § 4617(12)(A). (Pls.' Resp. to MTD 16:1–5, ECF No. 15). Alternatively, Plaintiffs contend the state-law five-year limitations period applies. (*Id.* 16:5–13).

12 U.S.C. § 4617(b)(12) prescribes two different statutes of limitations for actions brought by FHFA depending on whether the claims sound in contract or tort. The limitations period for any contract claim is the longer of six years or "the period applicable under State law"; and for any tort claim, the period is the longer of three years or "the period applicable under State law." *See* 12 U.S.C. § 4617(b)(12).

While this case does not neatly fit under either category, the Court finds Plaintiffs' claim more clearly sounds in contract. At bottom, this action concerns the viability of Plaintiffs' lien interest against the Property. As the lien was created by contract, an action to enforce that lien is necessarily a "contract action." *See Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, No. 2:17-cv-03006-JAD-GWF, 2019 WL 1117900, at *5 (D. Nev. Mar. 11, 2019); *see also Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-02381-GMN-NJK, 2019 WL 1446948, at *4 (D. Nev. Mar. 30, 2019). Moreover, even assuming Plaintiffs' claim sounded in tort, it would nonetheless be subject to the 5-year statute of limitations for quiet title actions in Nevada. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-00194-GMN-GWF, 2019 WL 1410887, at *3 (D. Nev. Mar. 28, 2019). Because Plaintiffs initiated this action less than five years after the foreclosure sale, the quiet title claim is timely under either potentially applicable limitations period. The Court therefore rejects SFR's statute-of-limitations argument.

### *2) Declaratory Relief*

Next, SFR argues that Plaintiffs' first claim for declaratory relief cannot survive because it is not a substantive cause of action. (*See* MTD 5:1–12). Plaintiffs respond that their prayer for declaratory relief is properly pleaded because it is tied to the quiet title claim. (Pls.' Resp. to MTD 21:19–20).

The Court agrees with SFR that declaratory relief is a remedy that must be linked to a substantive claim. *See Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011). To the extent Plaintiffs assert declaratory relief as a claim unto itself, dismissal is appropriate. Insofar as Plaintiffs merely request declaratory relief as its desired remedy for the quiet title claim, that request is valid and properly before the Court. *See, e.g.*, *US Bank Nat'l Ass'n. v. BDJ Invs., LLC*, No. 2:16-cv-00866-GMN-PAL, 2019 WL 1546930, at *4 (D. Nev. Apr. 8, 2019).

### *3) Property Interest*

Last, SFR contends that dismissal is warranted because Fannie Mae's alleged loan servicer, CMI, was not identified as such in any publicly recorded documentation as of the time of the foreclosure sale. (MTD 6:21–8:6). Plaintiffs respond that MERS was record beneficiary and served as Fannie Mae's agent at all relevant times. (Pls.' Resp. to MTD 10:10–12:3).

The Federal Foreclosure Bar prohibits foreclosures of federally owned or controlled property "without the consent of the [FHFA]." 12 U.S.C. § 4617(j)(3). This statute protects the property interests of FHFA, including its government-sponsored enterprises such as Fannie Mae, from an HOA's foreclosure sale under NRS 116.3116, if that sale occurred without the affirmative consent of the Agency. *Berezovsky v. Moniz*, 869 F.3d 923, 927–32 (9th Cir. 2017).

Plaintiffs have sufficiently alleged that Fannie Mae possessed a valid, enforceable Property interest such that the Federal Foreclosure Bar applies. In an agency relationship between a note owner and another entity identified in a recorded deed of trust, the "note owner

remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Id.* at 932 (citing *In re Montierth*, 354 P.3d 648, 651 (Nev. 2015)). Plaintiffs expressly allege that "MERS was recorded beneficiary" at the time of the sale "as nominee for Fannie Mae," and FHFA at no time consented to extinguishment of Fannie Mae's deed of trust. (*See* Compl. ¶¶ 22–24, 39, 42, 56).

SFR's argument focuses upon Plaintiffs' apparently inconsistent allegations that CMI, rather than MERS, serviced Fannie Mae's loan under an agency relationship. Notwithstanding the incongruity, Plaintiffs do correspondingly allege that MERS was beneficiary as Fannie Mae's nominee during the relevant time period. Accepting this allegation as true, Plaintiffs have plausibly stated an entitlement to relief on its quiet title claim. *See Berezovsky*, 869 F.3d at 932–33; *In re Montierth*, 354 P.3d at 650–51. The Court, accordingly, denies SFR's Motion to Dismiss.

### B. Motion for Summary Judgment

Plaintiffs argue they are entitled to summary judgment because the Federal Foreclosure Bar precludes the HOA sale from extinguishing Fannie Mae's deed of trust. (Pls.' Mot. Summ. J. ("MSJ") 13:22–14:18, ECF No. 16). Plaintiffs contend that under Nevada law, Fannie Mae was owner of the note and deed of trust at all relevant times. (*Id.* 10:10–12:3). Therefore, according to Plaintiffs, because FHFA did not consent to HOA extinguishing the deed of trust, the foreclosure bar compels a finding that the deed of trust survived the sale. (*Id.* 14:20–15:5).

SFR responds that Plaintiffs fail to prove Fannie Mae's interest in the Property or that Fannie Mae had an agency relationship with CMI or MERS. (SFR's Resp. to Pls.' MSJ 5:27–7:10, ECF No. 19). SFR alternatively argues that the Court should grant it Rule 56(d) relief because discovery is necessary to "answer the threshold question of whether the note and deed of trust are property of [Plaintiffs]." (*Id.* 17:26–18:2).

As discussed below, the Court will exercise its discretion and deny Plaintiffs' Motion for Summary Judgment without prejudice and grant SFR its requested Rule 56(d) relief.

**C. Rule 56(d)**

Federal Rule of Civil Procedure 56(d) provides that, prior to the entry of summary judgment, the opposing party must have a sufficient opportunity to discover information essential to its position. Fed. R. Civ. P. 56(d); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Here, because Plaintiffs filed their summary-judgment motion prior to discovery, Rule 56(d) relief is appropriate. *See Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018) ("Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely.") (quoting *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)). Given this case's pre-discovery procedural posture, SFR "cannot be expected to frame its [Rule 56(d)] motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington*, 323 F.3d at 774. Nevertheless, SFR supports its request with a declaration identifying parties it seeks to depose and relevant documents it intends to obtain. (*See* Ebron Decl., Ex. B to SFR's Resp. 1:25–2:6, ECF No. 19-2). One area of inquiry SFR desires to probe is the agency relationship between Fannie Mae and MERS, which will

necessarily bear upon the merits of Plaintiffs' quiet title claim. (*Id.*); *see In re Montierth*, 354 P.3d at 650–51.

Plaintiffs argue that discovery would be futile because the evidence presently before the Court has been deemed sufficient by the Ninth Circuit for summary-judgment purposes. (Pls.' Resp. to Mot. for Relief 12:9–22, ECF No. 21). Even assuming Plaintiffs are correct, it does not follow that such evidence constitutes irrebuttable proof such that discovery is certain to be fruitless. *See New Penn Fin., LLC v. Riverwalk Ranch Master Homeowners Ass'n*, No. 2:17-cv-02167-APG-CWH, 2018 WL 5621864, at *3 (D. Nev. Oct. 29, 2018) ("[Plaintiffs'] evidence is sufficient to meet their initial burden on summary judgment to prove ownership. But that does not mean it is irrebuttable proof.") (citing *Berezovsky*, 869 F.3d at 933). As such, the Court, in its discretion, will grant SFR's request for Rule 56(d) relief and deny Plaintiffs' Motion without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion to Dismiss, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment, (ECF No. 16), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that SFR's Motion for Rule 56(d) Relief, (ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay, (ECF No. 23), is **DENIED**.

**DATED** this  20  day of May, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge